# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:19-cv-00072-FDW

| | |
|---|---|
| JENNIFER ANN JASMAINE ) | |
| f/k/a DUANE L. FOX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| ) | |
| FNU PITTS, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983. [Doc. 1]. See 28 U.S.C. §§ 1915(e); 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 2, 9]

**I.    BACKGROUND**

Pro se Plaintiff Jennifer Ann Jasmaine ("Plaintiff"), a North Carolina prisoner currently incarcerated at Nash Correctional Institution in Nashville, North Carolina, filed this action on June 5, 2019, pursuant to 42 U.S.C. § 1983. [Doc. 1]. Plaintiff has named the following individuals as Defendants: (1) FNU Pitts, identified as a Unit Manager at Alexander Correctional Institution ("Alexander"); (2) FNU Holler, identified as a Sergeant at Alexander; (3) FNU Townslin, identified as a Unit Manager at Alexander; (4) FUN Hester, identified as a Captain and PREA Coordinator at Alexander; (5) FNU Dye, identified as an Assistant Warden at Alexander; (6) FNU Anderson, identified as an Assistant Warden at Alexander; (7) FNU Beaver, identified as the Warden at Alexander. [Doc. 1 at 6-9].

Plaintiff alleges that she has been subjected to cruel and unusual punishment, unconstitutional conditions of confinement, and a hostile environment in violation of her rights under the Eighth Amendment. Plaintiff also claims that the "totality of conditions" of her confinement violate the Eighth Amendment. Specifically, Plaintiff alleges that she is transgender, that she was concerned for her safety being housed in the back of her pod rather than in the front, that each Defendant was aware of these concerns and failed or refused to move Plaintiff to the front of the pod, and that she was raped by another inmate as a result of her being housed in the back of the pod. Plaintiff further alleges that inmate-on-inmate violence is common and uncontrolled at Alexander and that Defendants knew that Plaintiff faced a substantial risk of serious harm as a transgender inmate and ignored that risk. Finally, Plaintiff alleges that she was the object of certain harassment and a hostile environment based on the actions and/or inactions of various Defendants.

Beyond the alleged rape itself, Plaintiff does not allege any other injuries. Specifically, Plaintiff identifies no injury related to the alleged hostile environment or harassment.

As relief, Plaintiff seeks compensatory and punitive damages and declaratory relief. [Doc. 1 at 34-35].

## II.     STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

### A. Failure to Protect

Although Plaintiff does not label it as such, Plaintiff's cruel and unusual punishment claim is more specifically considered a claim based on the failure of Defendants to protect her from harm. "Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quotation marks omitted). As such, the Eighth Amendment's Cruel and Unusual Punishments Clause imposes on prison officials "a duty . . . to protect prisoners from violence at the hands of other prisoners." Id. at 833 (quotation marks omitted). Still, not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." Id. at 834. To state a claim for damages against a prison official for failure to protect from inmate violence, an inmate must plead facts that show (1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was deliberately indifferent to that substantial risk to his health and safety, and (3) the official's deliberate indifference caused him harm. Id. at 834.

"Deliberate indifference" in this context is a subjective standard in that the prison official must actually have known or been aware of the excessive risk to inmate safety. Id. at 835-37. It is not sufficient that the official should have known of the risk. Id. A plaintiff can, however, prove an official's actual knowledge of a substantial risk to his safety "in the usual ways, including inference from circumstantial evidence." Id. at 842. In other words, "a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." Id.

Prison officials may escape liability for deliberate indifference claims in several ways. They "might show, for example, that they did not know of the underlying facts indicating a sufficiently substantial danger and that they were therefore unaware of a danger, or that they knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent." Id. at 844. "In addition, prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." Id. "Whether one puts it in terms of duty or deliberate indifference, prison officials who act reasonably cannot be found liable" on a failure-to-protect claim. Id. at 845.

The Court finds that, taking Plaintiff's allegations as true for the purposes of initial review, and construing all inferences in Plaintiff's favor, Plaintiff's Eighth Amendment claim based on the failure to protect survives initial screening under 28 U.S.C. § 1915(e). That is, Plaintiff has stated a cognizable claim of violation of Plaintiff's Eighth Amendment rights against Defendants.

**B.    Conditions of Confinement**

The Eighth Amendment also protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). "Prison conditions may be harsh and uncomfortable without violating the Eighth

Amendment prohibition against cruel and unusual punishment." Dixon v. Godinez, 114 F.3d 640, 642 (7th Cir. 1997). Rather, extreme deprivations are required, and "only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Hudson v. McMillian, 503 U.S. 1, 9 (1992) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991) (internal quotation omitted)). The plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm. Farmer v. Brennan, 511 U.S. 825, 847 (1994). A plaintiff must also generally allege "a serious or significant physical or emotional injury resulting from the challenged conditions." Strickler v. Waters, 989 F.2d 1375, 1381 (4th Cir. 1993).

Here, taking Plaintiff's allegations as true and drawing all reasonable inferences in Plaintiff's favor, the Court finds that Plaintiff has not stated a claim under the Eighth Amendment claim based on conditions of confinement. Regarding this claim, Plaintiff alleges that Defendants had knowledge of a risk to Plaintiff and were deliberately indifferent in allowing Plaintiff to be raped by another inmate. [See Doc. 1 at 23]. Plaintiff has not alleged an extreme deprivation contemplated by this type of claim. The Court, therefore, finds that Plaintiff's allegations against Defendants based on her conditions of confinement do not state a claim for an Eighth Amendment violation.

### C. Harassment and Hostile Environment

The Eighth Amendment protects inmates from sexual abuse. Schwenk v. Hartford, 204 F.3d 1187, 1196-97 (9th Cir. 2000). "Although prisoners have a right to be free from sexual abuse, whether at the hands of fellow inmates or prison guards, the Eighth Amendment's protections do not necessarily extent to mere verbal sexual harassment." Jackson v. Holley, 666 Fed. App'x 242, 244 (4th Cir. 2016) (quoting Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) (internal

quotation marks omitted)); Henslee v. Lewis, 153 Fed. App'x 178, 180 (4th Cir. 2005) ("Mere threats or verbal abuse by prison officials without more, do not state a cognizable claim under § 1983.").

Here, Plaintiff merely alleges that Defendants allowed or created a "hostile environment" and that Plaintiff was "constantly [antagonized]" by Defendant Beaver's officers. This is not enough to sustain a § 1983 claim. The Court, therefore, finds that Plaintiff's allegations against Defendants for harassment and a hostile environment do not state a claim for an Eighth Amendment violation. The Court also notes that most, if not all, of Plaintiff's claims against the Defendants on these grounds appear to be based on supervisory liability, which is not a recognized basis for liability in § 1983 cases, in any event. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978) (stating that under § 1983, liability is personal in nature, and the doctrine of respondeat superior does not apply).

### D. Totality of Conditions

The Supreme Court has articulated when the totality of a prisoner's conditions of confinement may support an Eighth Amendment violation:

> *Some* conditions of confinement may establish an Eighth Amendment violation "in combination" when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise—for example, a low cell temperature at night combined with a failure to issue blankets…. To say that some prison conditions may interact in this fashion is a far cry from saying that all prison conditions are a seamless web for Eighth Amendment purposes. Nothing so amorphous as "overall conditions" can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists.

Wilson v. Seiter, 501 U.S. 294, 304, 111 S. Ct. 2321, 2327 (1991).

Here, Plaintiff alleges that "even though certain conditions might not be unconstitutional on their own, [ ] they add up to create an overall effect that is unconstitutional." [See, e.g., Doc. 1 at 28]. Plaintiff fails to elucidate the conditions to which she is referring. As such, it appears she relies on her allegations of a "hostile environment" and the risk of harm to Plaintiff of which Defendants were allegedly aware. Plaintiff has not alleged, nor can the Court infer, that these conditions combined to produce the deprivation of a single human need such that Plaintiff has stated an Eighth Amendment claim based on the "totality of conditions." As such, this claim fails initial review.

## IV. CONCLUSION

The Court finds that this action survives initial review as to Plaintiff's Eighth Amendment claim against Defendants based only on the failure to protect but fails initial review as to Plaintiff's remaining claims.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's allegations survive initial review as to Plaintiff's Eighth Amendment claim against Defendants based only on the failure to protect but fails initial review as to Plaintiff's remaining claims in accordance with this Order. See 28 U.S.C. §§ 1915(e); 1915A.

2. This Court recently enacted Local Rule 4.3, which sets forth a procedure to waive service of process for current and former employees of the North Carolina Department of Public Safety ("NCDPS") in actions filed by North Carolina State prisoners. The Clerk of Court shall commence the procedure for waiver of service as set forth in Local Rule 4.3 for Defendants Pitts, Holler, Townslin, Hester, Dye,

Anderson, and Beaver, who are alleged to be current or former employees of NCDPS.

Signed: February 3, 2020

Frank D. Whitney
Chief United States District Judge