UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:19-cv-00072-MR

| JENNIFER ANN JASMAINE, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) ORDER |
| SCOTT PITTS, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on Defendants' Motion to Dismiss. [Doc. 19].

## I. BACKGROUND

Pro se Plaintiff Jennifer Ann Jasmaine a/k/a Duane L. Fox[1] ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Eastern Correctional Institution in Maury, North Carolina. On June 5, 2019, Plaintiff filed this action pursuant to 42 U.S.C. § 1983 against Defendants Scott Pitts, David Hollar, R. Preston Townsend,[2] Wesley Hester, Eric Dye, Benjamin Anderson, and Ken Beaver, all identified as officers or officials at Alexander Correctional Institution ("Alexander") at the relevant times. [See Doc. 1].

---

[1] Plaintiff was born male but is transgender and identifies as a female.

[2] Plaintiff identified Defendant Townsend as FNU Townslin in the Complaint. The docket in this matter has since been corrected to reflect Defendant Townsend's true name.

On February 3, 2020, Plaintiff's Complaint survived initial review on Plaintiff's claim against all Defendants based on their alleged failure to protect Plaintiff from a substantial risk of serious harm under the Eighth Amendment. [Doc. 10 at 7]. Plaintiff's other claims were dismissed. [Id.]. As to Plaintiff's surviving claim, she alleged that, while at Alexander, she was housed in the back of her pod rather than front and she, therefore, feared for her safety because she is transgender. [See Doc. 1 at 10-31]. She further alleged that each Defendant was aware of her concerns and failed or refused to move Plaintiff to the front of the pod. Plaintiff alleged that she was raped by another inmate because she was housed in the back of the pod. Plaintiff, however, did not allege when any of these alleged events occurred. Plaintiff further alleged that inmate-on-inmate violence is common and uncontrolled at Alexander and that Defendants knew that Plaintiff faced a substantial risk of serious harm as a transgender inmate and that they ignored that risk. [See id.].

Defendants now move to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Doc. 19]. Defendants argue that Plaintiff failed to exhaust administrative remedies and to adequately state a claim for relief under 42 U.S.C. § 1983. [Doc. 20 at 1].

On July 7, 2020, this Court entered an order, in accordance with

Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of her right to respond to Defendants' motion within fourteen (14) days of that Order. [Doc. 21]. Plaintiff has not responded to Defendants' motion.

The matter is now ripe for adjudication.

## II. DISCUSSION

The Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust her administrative remedies before filing a section 1983 action. 42 U.S.C. § 1997e(a). The PLRA provides, in pertinent part, that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. In Porter v. Nussle, the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life. 534 U.S. 516, 532 (2002). The Court ruled that "exhaustion in cases covered by § 1997e(a) is now mandatory." Id. at 524 (citation omitted). The Porter Court stressed that, under the PLRA, exhaustion must take place before the commencement of the civil action to further the efficient administration of justice. Id.

In Woodford v. Ngo, the Supreme Court held that the PLRA exhaustion requirement requires "proper" exhaustion: "Administrative law . . . requir[es]

3

Case 5:19-cv-00072-MR    Document 23    Filed 02/02/21    Page 3 of 7

proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" 548 U.S. 81, 90 (2006) (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)). Further, "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 211 (2007) (citing Porter, 534 U.S. at 524). Finally, it is well-settled that a prisoner may not exhaust his administrative remedies during the pendency of a Section 1983 action; rather, he must fully exhaust all steps of the administrative process before filing his lawsuit. See Germain v. Shearin, 653 Fed. Appx. 231, 234 (4th Cir. 2016); French v. Warden, 442 F. App'x 845, 846 (4th Cir. 2011). The North Carolina Department of Public Safety (NCDPS) has established, in its Administrative Remedies Procedures ("ARP"), a three-step procedure governing submission and review of inmate grievances. Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008). Inmates are required to exhaust administrative remedies with the NCDPS in accordance with ARP. Id. An inmate does not exhaust his administrative remedies with the NCDPS until she completes all three steps. Id.

Here, in her Complaint, Plaintiff claims that she "exhausted her administrative remedies relating to this complaint." [Doc. 1 at 5]. Plaintiff

also alleged as follows:

> The D.P.S. didn't respond to the plaintiff, Ms. Jasmaine administrative remedy claim within six months, she deems the claim denied under 28 U.S.C. 2675(a). She has meet the exhaustion requirement because D.P.S. did not respond to her administrative complaint within six months.

[Id. at 33-34 (errors uncorrected)]. Plaintiff, however, has submitted no documents with her Complaint or otherwise reflecting the use of the grievance process relative to the claim before the Court.

In support of their motion to dismiss, Defendants, on the other hand, provide copies of Plaintiff's 43 fully exhausted grievances from January 1, 2016 to April 1, 2020, as provided by the Inmate Grievance Resolution Board.[3] [Doc. 20-1]. See Yarber v. Capital Bank, 944 F.Supp.2d 437, 441 (E.D.N.C. Mar. 18, 2013) ("The court may also consider documents attached to the complaint and documents attached to the motion to dismiss if those documents are integral to the complaint and authentic.").[4] Defendants correctly claim that none of these grievances relate to the claim that remains

---

[3] Plaintiff does not allege when the events at issue occurred. From the grievance records, it appears that Plaintiff was housed at Alexander from in or around early 2017 until in or around December 2017. Plaintiff filed her Complaint on June 5, 2019. The Court, therefore, need not consider grievance records from after that date. The Court does note, however, that none of the subsequent records relate to Plaintiff's claim before the Court.

[4] Here, defense counsel attests that, "it is anticipated that these documents will be uncontested, the facts contained therein relate solely to a matter of formality, and there will be no substantial evidence offered in opposition." [Doc. 20-1 at ¶ 2].

at issue in this case and that "they do not satisfy the ARP for the purposes of this action." [Doc. 20 at 18; see Doc. 20-1]. The grievances filed by Plaintiff during her time at Alexander, for instance, relate to things ranging from art supplies, to the use of excessive force, to sexual assault by another inmate during a transfer. [See e.g., Doc. 20-1 at 52-57, 58-63, 100-04]. None of the 43 grievances before the Court even hint at the facts underlying Plaintiff's claim here. Further, the record clearly evidences Plaintiff's adeptness at navigating the grievance process. And Plaintiff presented nothing in response to Defendants' showing on exhaustion.

Exhaustion is excused "if a prisoner, through no fault of his own, was prevented from availing himself of it." Moore, 517 F.3d at 725. Plaintiff's bare allegations that she exhausted her administrative remedies and that she deems such remedies exhausted for not having received a response after six months do not excuse the exhaustion requirement here. Plaintiff had free and plentiful access to the grievance process. She consistently had active grievances pending. Plaintiff, however, has presented nothing to the Court to show that she made any attempt to exhaust her administrative remedies as to her claim here. As such, this claim must be dismissed without prejudice. See Harris v. Midford, No. 1:10-cv-263, 2011 WL 1601446

6

Case 5:19-cv-00072-MR   Document 23   Filed 02/02/21   Page 6 of 7

(W.D.N.C. Apr. 27, 2011). The Court will, therefore, grant Defendants' motion to dismiss.[5]

## IV. CONCLUSION

In sum, for the reasons stated herein, the Court grants Defendants' motion to dismiss as to all Defendants.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendants' Motion to Dismiss [Doc. 19] is **GRANTED** and this action is hereby **DISMISSED without prejudice** for failure to exhaust administrative remedies.

**IT IS SO ORDERED.**

Signed: February 2, 2021

Martin Reidinger
Chief United States District Judge

---

[5] The Court notes that whether Plaintiff has stated a claim for relief in the first place is a close call. Because the exhaustion issue is determinative, the Court declines to address that issue.